UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21372-CIV-KING

NEW EDGE INTERNATIONAL, LLC,

    Plaintiff,

v.

VECTRA INTERNATIONAL, LLC, a
Florida Limited Liability Company; and
RICARDO RINCON,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS I AND V

THIS CAUSE comes before the Court upon Defendants Vectra International LLC's and Ricardo Rincon's Motion to Dismiss Counts I and V (D.E. #11), filed July 10, 2009. Plaintiff responded to Defendants' Motion on July 22, 2009 (D.E. #14).

### I. BACKGROUND

The facts, as set forth in the Plaintiff's Complaint and taken as true for the purposes of a motion to dismiss, are as follows. Plaintiff New Edge International LLC ("Plaintiff")—a meat, poultry, seafood, and produce exporter—purchased three large containers of pork cheek meat from Defendant Vectra International LLC ("Vectra")—a meat supplier (Compl. ¶¶ 1, 8–9). The pork meat was to be delivered to one of Plaintiff's customers in Vladivostok, Russia (Compl. ¶¶ 1, 15). When the shipment arrived in

1

Russia, the Russian authorities ordered that all three containers be removed as a result of the condition of the meat (Compl. ¶¶ 2–3). After demanding either the replacement of the three containers or reimbursement for the money it paid, Plaintiff filed the above-styled on May 21, 2009, alleging multiple counts against Vectra and Defendant Ricardo Rincon ("Rincon"), the manager of Vectra's Florida office.

Plaintiff's Complaint asserts six causes of action against Defendants Vectra and Rincon: Count I-Breach of Contract under Florida Statute 672.711; Count II-Violation of Florida's Deceptive and Unfair Trade Practices Act; Count III-Breach of Express Warranty; Count IV-Breach of Implied Warranty of Merchantability; Count V-Negligence; and Count VI-Fraud. Defendants Vectra and Rincon have filed the instant Motion to Dismiss Counts I and V for a failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To do so, the plaintiff must include in the complaint more than "a formulaic recitation of the elements of a cause of action." *Id.* at 1965. "While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right

to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (citing *Bell Atl. Corp.*, 550 U.S. at 556) (internal quotations omitted). In deciding a motion to dismiss, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III. ANALYSIS

A.  **Plaintiff Sufficiently Alleges an "Appropriate Relation" to the State of Florida Under the Florida UCC (Count I).**

Plaintiff's Complaint asserts that, because "Vectra has failed to deliver frozen pork cheek meat that was of sufficient quality to pass customs," Plaintiff is entitled to damages for breach of contract under the Florida UCC, Fla. Stat. § 672.711 (Compl. § 62). The Defendants argue that the Plaintiff has failed to state a claim for relief in Count I because it has failed to allege a proper basis for the application of Florida's UCC.

Florida's version of the UCC applies when the transaction at issue bears "an appropriate relation to [the State of Florida]." Fla. Stat. § 671.105(1). "Federal Courts interpreting this phrase have taken into account the residence of the parties, the location of negotiations, the place of purchase of the goods, and the physical location of the goods at issue." *Premix-Marbletite Mfg. Corp. v. SKW Chems., Inc.*, 145 F. Supp. 2d 1348,

1353 (S.D. Fla. 2001) (internal citations omitted).

Defendants primarily argue that the contract at issue in the above-styled case is not sufficiently related to the State of Florida due to the fact that "[t]he Complaint fails to contain the allegation that the pork was delivered in Florida . . . ." (Defs' Mot. Dismiss 4). Defendants, however, fail to cite to any case law that demonstrates such a legal conclusion. Instead, the Court finds that the required factors for determination of the applicability of the Florida UCC weigh in favor of finding that Florida has an appropriate relation to the contract at issue in this case, as the Complaint alleges: 1) Defendant Vectra is a Florida company (Compl. ¶ 9); 2) Defendant Rincon is a Florida citizen (Compl. ¶ 10); 3) the negotiations of the pork meat contract took place, at least in part, in Florida (Compl. ¶ 18–20) (alleging that Plaintiff contacted Defendants in Florida to discuss pork meat order); and 4) the pork meat was purchased in Florida (Compl. ¶ 20–22) (alleging that Plaintiff sent invoices/payment to Defendants' Florida location). Because the face of the Complaint properly alleges sufficient factors giving rise to an "appropriate relation" to the State of Florida, the Motion to Dismiss Count I is denied.

**B.     Plaintiff's Claim for Negligence is not Barred by the Economic Loss Rule Based on the Face of the Complaint.**

Plaintiff alleges in Count V, that Defendants Vectra and Rincon breached their duty of reasonable care and were negligent in preparing and shipping the frozen pork meat (Compl. ¶ 87). Plaintiff contends that, as a result, it is entitled to "damages, including, but not limited to, money damages in the amount [Plaintiff] paid to Vectra,

4

possible money damages in purchasing replacement pork cheek meat, damage to its reputation, and the possible loss of one of its best customers." (Compl. ¶ 88). Defendants move to dismiss Count V, arguing that the economic loss rule bars Plaintiff's claim because Plaintiff "seeks the recovery of economic losses caused by their disappointed expectations about the delivery of pork cheek meat under contracts as alleged in the complaint." (Defs' Mot. Dismiss 4).

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). "The economic loss rule was designed to prevent a party to a contract from 'circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort.'" *Id.* Although, generally under the economic loss rule, "parties in privity of contract are prohibited from recovering under tort theories for economic damages[,]" *id.* at 537, actions for such recovery have been permitted in certain limited causes of action "based upon torts independent of the contractual breach even though there exists a breach of contract action." *Id.* "Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

In the case before the undersigned, Plaintiff has pled that Defendants were

5

negligent in "procuring . . . freezing . . . packing . . . inspecting . . . [and] shipping the frozen pork cheek meat . . . ." (Compl. ¶ 87). The Court finds that, accepting the Complaint's allegations as true and construing them in the light most favorable to the Plaintiff, the Plaintiff has sufficiently alleged negligent acts that could be considered independent from the breach of the pork meat shipment contract. As a result, the Defendants' Motion to Dismiss Count V is denied.

### IV. CONCLUSION

Accordingly, after careful review and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' Motion to Dismiss Count I and V be, and the same is hereby **DENIED.**

2. Defendants Vectra and Rincon **SHALL ANSWER OR OTHERWISE RESPOND** to Counts I and V of the Plaintiff's Complaint within twenty (20) days of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of July, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiff_**
**Stephen Patrick Warren**
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131

**_Counsel for Defendants_**
**Anthony John Cuva**
Akerman Senterfitt
401 E Jackson Street
Suite 1700
Tampa , FL 33602-3273